UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

                Plaintiff,

v.                                     Case No. 17-cv-1063-pp

CHAD CORRIGAN and
STATE OF WISCONSIN DOC,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT, AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Dennis Strong, who is confined at the Dodge Correctional Institution, is representing himself. The plaintiff's complaint alleges that defendant Probation Agent Chad Corrigan created a revocation summary based in part on false information. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens the plaintiff's complaint.

**A.**     **Application to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff is incarcerated. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court

1

may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 7, 2017, the court issued an order finding that the plaintiff lacked the funds to pay an initial partial filing fee, and waiving that fee under 28 U.S.C. §1915(b)(4). Dkt. No. 5. The court's August 7, 2017 order also gave the plaintiff an opportunity to voluntarily dismiss this case, to avoid incurring a "strike. The plaintiff has not filed a motion to voluntarily dismiss the case. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee, and will allow the plaintiff to pay the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**B.   SCREENING OF PLAINTIFF'S COMPLAINT**

    1.   Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). A court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific

facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of a complaint must allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, a court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions that are not supported by facts "are not entitled to the assumption of truth." Id. Second, a court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond

3

du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). A court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Complaint

The plaintiff alleges that in June 2017, defendant Agent Corrigan created and distributed a revocation summary for Outagamie County Case Number 11-CF-05, based in part on disingenuous, misleading, and false information. Dkt. No. 1 at 3, 5. The plaintiff attached the Revocation Summary to his complaint. Dkt. No. 1-1. The document indicates that defendant Corrigan recommended revocation of the plaintiff's probation based on allegations that the plaintiff violated the rules of his probation. Id. at 1, 6. The revocation summary also states that the plaintiff was placed in custody on the revocation on March 21, 2017, and that defendant Corrigan recommended a sentence of twelve months confinement in jail, nine months confinement in jail to run concurrent with the twelve months, three years in Wisconsin state prison and two years of extended supervision. Id. at 6.

Agent Corrigan allegedly knew that the revocation summary, including issues listed in the "Violations Statement," contained false and inflammatory information "in a willful and wanton attempt to violate Mr. Strong's right to the rudiments of fair play in a revocation proceeding as well [as] to be sentenced after revocation by the court based on accurate information." Dkt. No. 1 at 5; Dkt. No. 1-1 at 1. The plaintiff alleges that his "primary concern to this cause

4

of action is the lack of remedy/due process available to have equal opportunity to address the secondary and underlying cause of action." Dkt. No. 1 at 6. For relief, the plaintiff seeks $1.00 damages, unspecified injunctive relief and any relief deemed just and proper. Id. at 8.

C.  Discussion

The plaintiff challenges the validity of the revocation of his probation. Under 42 U.S.C. §1983, a plaintiff cannot raise causes of action that question conditions of probation, or that necessarily imply the invalidity of a probation revocation unless he first succeeds in a *habeas corpus* proceeding challenging the probation conditions or revocation proceedings. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579-580 (7th Cir. 2003) (conditions of parole define perimeters of confinement and therefore challenge to restrictions imposed by parole should be brought as writ of habeas corpus, not under §1983) (quoting Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)). The plaintiff has not filed a *habeas corpus* petition; he has sued the probation agent under 42 U.S.C. §1983. He has not provided the court with any information to show that he previously filed—and was successful in—a *habeas corpus* petition challenging the conditions of his probation, or his revocation. The court cannot allow the plaintiff to proceed under §1983.

Nor can this court convert the case into a *habeas corpus* petition under 28 U.S.C. §2254 on its own motion. "When a plaintiff files a §1983 action that

cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for *habeas corpus*. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477).

The court will dismiss the plaintiff's due process claim without prejudice. The plaintiff may raise his claims in a petition for a writ of *habeas corpus*. He should be aware, however, that a federal court will not allow him to proceed on a *habeas corpus* petition unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. §2254(b)(1)(A), or that there is no state corrective process available to him, §2254(b)(1)(B).

**C.    Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2

The court **DISMISSES** this case without prejudice.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the

transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined—the Dodge County Correctional Institution.

The court will also send a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated in Milwaukee, Wisconsin this 8th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**