UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

                        Plaintiff,

          v.                                    Case No. 17-cv-1063-pp
                                                Appeal No. 18-2319
CHAD CORRIGAN and
STATE OF WISCONSIN DOC,

                        Defendants.

**ORDER GRANTING PLAINTIFF'S LETTER MOTION FOR EXTENSION OF
TIME TO FILE NOTICE OF APPEAL (DKT. NO. 18) AND GRANTING
PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 28)**

The plaintiff is a prisoner representing himself. On May 8, 2018, the

court dismissed this case, dkt. no. 15, and entered judgment dkt. no 16. On

June 14, 2018, the court received the defendant's notice of appeal. Dkt. No. 20.

On July 20, 2018, the court granted the plaintiff's motion for leave to appeal

without prepayment of the appeal fee, dkt. no. 26, and the case moved along in

the Seventh Circuit Court of Appeals until August 10, 2018, when the

defendant filed a motion for extension of time to file the notice of appeal. Dkt.

No. 28. The Seventh Circuit has remanded the case to this court for the limited

purpose of ruling on that August 10, 2018 motion. Dkt. No. 29.

A little background is helpful to understanding the motion. Under Fed. R.

App. P. 4(a)(1)(A), a party in a civil case must file his notice of appeal within

thirty days after the court enters judgment. Because this court entered

judgment on May 8, 2018, the plaintiff needed to file his notice of appeal on or

before June 7, 2018. As noted above, the court did not receive the notice until June 14, 2018—a week later.

In fact, the plaintiff filed several documents on June 14, 2018. The clerk's office docketed six separate items on that date. The court suspects that all these items arrived at the clerk's office in a single packet, because the date/time stamps on them all reflect that they were stamped between 11:32 and 11:34 a.m. that day. The clerk's office had the task of trying to figure out what each of the documents was, and how to docket it. This task was likely a bit difficult, because the plaintiff included in the packet several "cover" letters. For example, the clerk's office docketed five pages at Dkt. No. 19—a one-page, undated letter from the plaintiff informing the clerk that he was providing the clerk with his inmate trust account, and his four-page inmate trust account statement for the period March 22 through May 21, 2018. Dkt. No. 19. It seems logical that the clerk's office would docket those two items together in one docket entry, and would call that one entry "Prisoner Trust Fund Account Statement." Id. The clerk's office docketed two pages at Dkt. No. 20—the notice of appeal, and a one-page, undated letter from the plaintiff informing the clerk that he was enclosing his notice of appeal, a docketing statement, an affidavit accompanying his motion to proceed without prepaying the filing fee and his "'Memorandum of Issues on Appeal' attached and incorporated therein the above affidavit." Id. at 2. The clerk's office separately docketed the docketing statement (dkt. no. 21), the affidavit in support of the request to proceed

without prepaying the filing fee (dkt. no. 23) and the plaintiff's legal memorandum (dkt. no. 22).

That takes care of five of the six documents the clerk's office docketed that day. The clerk's office docketed the sixth document—a four-page letter, with three attachments—as "LETTER from Plaintiff regarding filings." Dkt. No. 18. The letter informs the clerk of court that the defendant was submitting certain "enclosures" that he'd originally submitted for electronic filing at Dodge Correctional Institution. Id. at 1. It goes on to explain that five days after the plaintiff had submitted the "enclosures" for filing with the staff at Dodge, he'd been transferred to another prison. He'd subsequently learned that the staff at Dodge likely had not filed the "enclosures." Id. The plaintiff went on to describe the enclosures ("a notice of appeal in Case No. 17-cv-1063 which [he] had filed timely for e-filing nearly (2) weeks in advance of deadlines to do so"), and he referred the clerk to the dates on an enclosed large manila envelope. Id. at 2. He said that he received these enclosures by return mail, "which has now exceeded the deadlines." Id. He asked the clerk to make sure to scan all the enclosures into the docket for both this case and another case he had  pending in the Eastern District (Case No. 17-cv-1765), "to establish [his] good faith efforts of timely filing the same with your office." Id. at 3. He also asked the clerk to "assure the above attachments enclosed herein are indexed in the court docket so [he] may reference the same in impending litigations upon the State of Wisconsin." Id. at 3. The plaintiff closed the letter by thanking the clerk for giving the matter his prompt attention. Id. at 4.

As noted above, the clerk's office labeled this document as exactly what it was—a letter from the plaintiff about his filings. It attached to that letter two envelopes (including the large manila envelope the plaintiff had referenced) and an inmate interview request from the plaintiff. Dkt. Nos. 18-1, 18-2, 18-3. The letter asked the clerk to do two things: scan all the documents he'd sent into the system for the two cases he listed, and "index" the documents so that he could reference them in other litigation. The clerk did both of those things. The plaintiff did *not* ask the court to find that he'd timely filed his notice of appeal and did *not* ask the court to extend the deadline for filing his notice of appeal. Consequently, the court did not do anything further with the plaintiff's letter about his filings.

Almost two months later, on August 10, 2018, the court received the plaintiff's motion for extension of time to file the notice of appeal—the motion the Seventh Circuit has referred to this court. Dkt. No. 28. This document clearly is a motion; it has a caption—"Motion for Extension of Time to File Notice of Appeal." Id. at 2. It asks the court to do something—to issue an order granting an extension of time for him to file his notice of appeal. Id. It refers the court to the "cover letter submitted to the clerk attached to the 6/14/2018 filing of the notice of appeal." Id. It argues that the contents of that "cover letter," along with the postmarked envelopes and inmate interview request, demonstrated his efforts to file the notice of appeal by the deadline. Id. at 3. The motion argues that the plaintiff made a good-faith effort to timely file the notice of appeal, and that the "factors contributing to the delay" were outside of

his control. Id. The motion concluded by asking the court to deem the plaintiff's notice of appeal timely filed. Id.

One final background fact: the court received the plaintiff's motion to deem the notice of appeal timely filed on August 10, 2018, over two months ago. The court did not timely act on that motion, and that error is the responsibility of the court. The court apologizes to the parties and the Court of Appeals for failing to timely address the motion.

The court now considers what the plaintiff has asked it to do: "extend" the deadline for filing his notice of appeal, after the fact. Rule 4(a)(5)(A) allows a court to extend the deadline for filing a notice of appeal if (a) the party makes his request for an extension of time within the thirty-day appeal period, or (b) the party can show excusable neglect or good cause for failing to timely file the notice. Because the plaintiff did not file his motion for an extension of time within the thirty-day window following the expiration of the time to appeal, this court can extend that deadline only if the plaintiff has shown "excusable neglect" or "good cause."

In its order remanding the motion to this court, the Seventh Circuit noted that the motion directed the court's attention to a four-page "cover letter" that accompanied his notice of appeal, which the appellate court described as recounting "[the plaintiff's] efforts to have e-filed the notice of appeal in advance of the deadline." Dkt. No. 29 at 2. The court of appeals treated the plaintiff's four-page letter to the clerk of court—the one that the clerk docketed as a letter about his filings—as a motion to extend the time to appeal under Rule 4(a)(5),

directed this court to resolve that motion. Id. Based on the Seventh Circuit's

order, the clerk's office has re-docketed the plaintiff's letter as a motion for an

extension of time to file his appeal. Dkt. No. 18. But the plaintiff did not file

*that* motion within the thirty-day window, either, and so again, the only way

the court can grant the relief the plaintiff seeks is if he has shown "excusable

neglect" or "good cause."

The plaintiff has not alleged that his late filing was the result of

"inadvertence, mistake, or carelessness"—some of the circumstances that can

constitute excusable neglect. See United States v. Torres, 372 F.3d 1159, 1162

(7th Cir. 2004) (citing Pioneer Investment Serv's Co. v. Brunswick Assoc. Ltd.

P'ship, 507 U.S. 380, 388 (1993)). Rather, he argues that he had good cause for

the late filing. The plaintiff explains that he gave his notice of appeal to the staff

at Dodge for e-filing[1] on May 25, 2018. Dkt. No. 18 at 1. Five days later, he was

transferred to Redgranite. He says that on June 11, 2018—over two weeks after

he'd given the notice to the staff at Dodge, and four days after the deadline for

filing his notice of appeal—he got the notice of appeal back, and figured out

that the staff at Dodge likely did not file it for him. Id. at 1-2.

The copy of the manila envelope that the plaintiff included in the

materials he sent to the clerk's office supports the plaintiff's claim. It is

addressed to the inmate accounts unit at Redgranite, with the plaintiff's name

and inmate number beneath the address. Dkt. No. 18-2. The envelope is

---

[1] Dodge Correctional Institution participates in the court's Prisoner E-Filing Program, under which prison staff email prisoner filings to the court, and court staff scans the documents into the electronic docket.

postmarked June 6, 2018—the day before the deadline for filing the notice of appeal—and stamped "received" by Redgranite on June 8, 2018—two days later. Id. Assuming that, as the plaintiff says, his notice of appeal and other documents were in this envelope, the envelope shows that as of the day before the appeal deadline expired, staff at Dodge was still in possession of the notice of appeal; as of the day after the deadline, it had arrived at Redgranite. It had not been filed with this court, even though the plaintiff had given it to Dodge staff in plenty of time (especially given that Dodge participates in the court's prisoner e-filing program).

The "good cause" standard for extending the time to file a notice of appeal applies "in situations where there is no fault—excusable or otherwise." Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012) (citing Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 910 (7th Cir. 1989)). The Seventh Circuit has suggested that the "good cause" standard is more lenient than the "excusable neglect" standard. Broyles v. Roeckeman,Case No. 12-C-7702, 2013 WL 2467710 at *2 (N.D. Ill. June 7, 2013) (citing Sherman, 865 F.2d at 425).

The court finds that the plaintiff has established good cause for his untimely notice of appeal. The plaintiff has demonstrated that he gave his notice of appeal to the staff at Dodge in plenty of time for the staff to e-file the notice ahead of the June 7, 2018 deadline. He also has established that he did not find out that the notice hadn't been filed until four days after the appeal deadline had expired, and that as soon as he found out, he took action. The circumstances were out of his control. The court will grant his motion, and

under Fed. R. App. P. 4(a)(5)(C), will extend the deadline for filing the notice *nunc pro tunc* to June 14, 2018. This means that the plaintiff's notice of appeal was timely filed.

The court **GRANTS** the plaintiff's motion for extension of time to file notice of appeal. Dkt. No. 18.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 28.

The court **DEEMS** the plaintiff's notice of appeal, received by the court on June 14, 2018, timely filed.

Dated in Milwaukee, Wisconsin this 25th day of October 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**